# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1904
_____

United States of America

*Plaintiff - Appellee*

v.

Arles Velasquez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: November 12, 2012
Filed: November 29, 2012
[Unpublished]
_____

SMITH, BOWMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.

Arles Velasquez was convicted by a jury on charges of witness tampering, conspiracy to distribute methamphetamine, and possession of firearms as a user of

controlled substances. The District Court[1] sentenced Velasquez to 240 months in prison. Velasquez appeals, arguing that the evidence presented at trial was insufficient to sustain the tampering and firearms convictions. We affirm.

We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the jury verdicts and giving the government the benefit of all reasonable inferences that may be drawn from the evidence. United States v. Maybee, 687 F.3d 1026, 1031–32 (8th Cir.), cert. denied, No. 12-6385, 2012 WL 4373442 (U.S. Oct. 29, 2012).

On the witness-tampering charge, co-conspirator Wilver Rosales, who had been cooperating with the government in its investigation of Velasquez, testified that when he was placed in the same cellblock where Velasquez was being held in the Washington County, Arkansas, jail, Velasquez said to him, "[Y]ou're also talking about me, why are you doing that?" Trial Tr. at 215. Within minutes after that conversation, three other inmates beat Rosales, one of the three telling him that Velasquez had sent them. Two of the three perpetrators testified at trial that they beat Rosales at the direction of Velasquez. Additionally, Rosales testified that after the beating, Velasquez explicitly threatened him and his family, causing Rosales to stop cooperating with the government. On appeal, Velasquez acknowledges this evidence, but claims that because the witness testimony was not corroborated by "physical and documentary evidence . . . the court allowed the jury to speculate on this charge by submitting it to the jury." Br. of Appellant at 7. Velasquez cites no legal authority for the proposition that physical or documentary evidence is necessary to prove a tampering charge. Indeed, we have held that testimonial evidence alone is sufficient to sustain a conviction for witness tampering. See United States v. Grey Bear, 828 F.2d 1286, 1295 (8th Cir. 1987) (affirming a witness-tampering conviction where the

---

[1]The Honorable P. K. Holmes III, Chief Judge, United States District Court for the Western District of Arkansas.

only evidence was testimonial, noting that the "jury was entitled in its discretion to give credence to [the] testimony"), vacated as to other issues, 863 F.2d 572, 573 (8th Cir. 1988) (en banc) (per curiam). And the credibility of the victim and his attackers as trial witnesses was for the jury to determine. See United States v. Moya, 690 F.3d 944, 949 (8th Cir. 2012).

As for the firearms charge, the evidence at trial showed that law-enforcement officers, while executing a search warrant at Velasquez's residence, retrieved methamphetamine, multiple firearms, and pipes used for smoking methamphetamine from a detached garage on the property. There was also eyewitness testimony from co-conspirators that Velasquez used methamphetamine with some regularity in the detached garage where Velasquez kept the firearms that were found during the search. In support of his insufficiency argument, Velasquez points out that he was not present when the warrant was executed, that no fingerprint evidence was presented at trial, that nothing with his name on it was found inside the garage, and that items with his name but a different address on them were found inside the residence. Velasquez contends that the government therefore did not prove that he lived at the residence where the incriminating evidence was seized or that he possessed the drugs and firearms that were seized from the garage. We disagree.

Besides the evidence recounted above, there was testimony that law-enforcement officers conducting surveillance at the residence had seen a vehicle parked outside the house that was registered to Velasquez using that address, and in fact, Velasquez was arrested there. Water service to the house was in Velasquez's name. Papers, including a tax document, bearing Velasquez's name and the address of the residence in question were found inside the house. Velasquez challenges the witnesses who testified that they saw him using methamphetamine while he was in possession of firearms because "they have a reason to lie." Br. of Appellant at 9. But Velasquez had an opportunity to cross-examine the witnesses and challenge their credibility during the trial. Evidently, the jurors found the witnesses credible, and as

we have said, that determination is theirs to make, not ours.  See Moya, 690 F.3d at 949.

We conclude that the evidence was sufficient for a reasonable jury to have found Velasquez guilty beyond a reasonable doubt on the charges of witness tampering and possession of firearms by a user of controlled substances.  See Maybee, 687 F.3d at 1032.  We therefore affirm the judgment of the District Court.

_____